ARCHIE A. GASKINS, GUARDIAN AD LITEM FOR LOSSIE V. GASKINS, PLAINTIFF v.
D. C. McCOTTER, JR., TRUSTEE AND WEYERHAEUSER COMPANY, DE-
FENDANTS AND D. C. McCOTTER, JR., TRUSTEE, THIRD PARTY PLAINTIFF v.
DURWOOD B. ARANT, THIRD PARTY DEFENDANT

No. 803SC987

(Filed 2 June 1981)

**Rules of Civil Procedure § 17— substitution of trustee for guardian ad litem**

Since the trial court clearly had authority under G.S. 1A-1, Rule 17(b)(1) to
determine whether it was expedient for a guardian ad litem to bring and main-
tain an action for an incompetent when the incompetent had a general guard-
ian or trustee in the State, the trial court manifestly had authority to
substitute the general guardian or trustee as party plaintiff for the guardian
ad litem in an action brought on behalf of the incompetent.

APPEAL by plaintiff from *Rouse, Judge.* Order entered 17
June 1980 in Superior Court, CRAVEN County. Heard in the Court
of Appeals 28 April 1981.

This civil proceeding was commenced by plaintiff Archie A.
Gaskins as guardian ad litem for Lossie V. Gaskins in a complaint
filed in Carteret County on 16 December 1977. In his complaint,
plaintiff alleged that Lossie V. Gaskins, who had been adjudged
incompetent by a jury in Craven County on 20 October 1977, had
entered into a "purported contract" with defendant D. C. McCot-
ter, Jr., for the sale of certain size timber located on a tract in
Carteret County owned by Lossie V. Gaskins on 3 February 1969,
and that Lossie V. Gaskins was incompetent and unable to
"understand the nature, importance and consequences of her
acts" at the time said contract was entered. The complaint fur-
ther alleged that a deed conveying the timber was executed, but
Lossie V. Gaskins never received any money for the land; that
defendant McCotter, knowing of her incapacity, assigned the con-
tract to defendant Weyerhaeuser Company on 2 June 1969; and
that thereafter the Carteret County tract was "virtually stripped
of all timbers . . . to the extent that it is virtually worthless to-
day. . . . " Averring that the property in question had a
"reasonable value of $150,000.00," and that the deed conveying
the timber was "absolutely void" due to Lossie Gaskins' "in-
firmities," plaintiff prayed for the sum of $150,000 or in the alter-
native, "such sum as is necessary to place plaintiff's ward's
property in a status quo state as of February 3, 1969," plus costs.

Defendant McCotter thereafter filed a third party complaint against Durwood B. Arant, alleging that Arant was the real party in interest in the timber transaction with Lossie Gaskins, since McCotter merely conducted an investigation into the title to the Carteret County tract and prepared the timber deed designating McCotter as trustee to hold title thereto for the benefit of Arant. McCotter further alleged that he had no dealings with Lossie Gaskins, that the conveyance was made at the request of Arant, and that he received no part of the purchase price or any other moneys in connection with the transaction. McCotter demanded judgment against Arant for all sums adjudged against McCotter in favor of plaintiff.

On 14 February 1978, Arant answered plaintiff's complaint, admitting the contract with Lossie Gaskins and the deed, but denying the other material allegations. Arant further averred, among other things, that Carteret County was an improper venue for the action, that the complaint failed to state a claim upon which relief can be granted, that plaintiff was not a proper party to maintain the action since a trustee had been appointed for Lossie Gaskins' estate, and that the action was barred by the three year statute of limitations (G.S. § 1-52). Arant also answered the third party complaint on 14 February 1978, denying liability to McCotter, but admitting that McCotter conducted the title investigation and prepared the timber deed, that McCotter as trustee conveyed the property at Arant's request, and that McCotter received no moneys in connection with the transaction. Arant also averred that the complaint failed to state a claim upon which relief could be granted.

Defendant Weyerhaeuser answered plaintiff's complaint on 8 June 1978, admitting the assignment of the timber contract, but denying the other material allegations. Weyerhaeuser pleaded the statute of limitations as a bar to the action, and also alleged that Carteret County was not the proper venue for the action, and that plaintiff was not the proper person to bring and maintain the action. The same day, Weyerhaeuser answered a cross action filed against it by McCotter, raising defenses similar to those in its answer to plaintiff's complaint.

On 6 September 1978, after a hearing, Judge Reid ordered that the venue for plaintiff's action be changed to Craven County,

and in two separate orders filed 8 September 1978, denied defendant's motions to dismiss the complaint on the grounds of insufficiency of process, and for failure to state a claim pursuant to Rule 12(b)(6) and "failure to make a necessary party."

On 21 January 1980, defendant McCotter filed a motion seeking to have B. Hunt Baxter, Jr., substituted for plaintiff in the action. In the motion, McCotter alleged that on or about 26 October 1977, plaintiff petitioned the Clerk of the Superior Court in Craven County to be appointed general guardian of Lossie Gaskins, and after a hearing, the Clerk made an order finding that plaintiff "did not possess the financial discretion and other qualifications to entitle him to be appointed guardian." McCotter further alleged that B. Hunt Baxter, Jr., was found by the Clerk to be a "fit and suitable person" and in an order dated 8 January 1978, effective 4 January 1978, Baxter was appointed "Trustee of the Estate of Lossie V. Gaskins." McCotter then alleged that since Baxter "has all the powers and authorities which are conferred upon a general guardian, he should now be substituted as plaintiff in this action . . . ." In support of his motion, McCotter offered an order of the Clerk of the Superior Court in Craven County dated 12 January 1978 appointing B. Hunt Baxter, Jr., as trustee of the estate of Lossie Gaskins, effective 4 January 1978.

Plaintiff made a countermotion to McCotter's 21 January 1980 motion, alleging that the issues raised in McCotter's motion were *res judicata*, since the trial judge on 14 November 1979 had denied a previous motion seeking to dismiss the action on the grounds that plaintiff "is not a proper person to have brought this action and for Summary Judgment." After a hearing on McCotter's 21 January 1980 motion, the court concluded that B. Hunt Baxter, Jr., was duly appointed trustee pursuant to G.S. § 33-1 and vested with all the powers conferred under G.S. § 35-2, such that Baxter was "entitled to handle all of the affairs of the said Lossie V. Gaskins, including the prosecution of this civil action;" and the court ordered that Baxter be substituted as party plaintiff in the place of Archie Gaskins. Plaintiff Archie Gaskins, guardian ad litem, appealed.

*Darris W. Koonce and Bruce H. Robinson, Jr., for the plaintiff appellant.*

*Stith and Stith, by Lawrence A. Stith, for defendant appellee D. C. McCotter, Jr.*

*No counsel for the remaining defendant appellees.*

HEDRICK, Judge.

Plaintiff's sole assignment of error is set out in the record as follows:

That the Court committed error in granting the Motion to substitute B. Hunt Baxter, Jr., Trustee for Lossie V. Gaskins, as plaintiff in the place of Archie A. Gaskins, Guardian ad Litem for Lossie V. Gaskins.

This assignment of error is based upon a single exception to the entry of the order substituting B. Hunt Baxter, Jr., Trustee, as party plaintiff.

G.S. § 1A-1, Rule 17(b)(1) in pertinent part provides:

In actions or special proceedings when any of the parties plaintiff are infants or incompetent persons, whether residents or non-residents of this State, they must appear by general or testamentary guardian, if they have any within the State or by guardian ad litem appointed as hereinafter provided; but if . . . there is no such known guardian, then such persons may appear by guardian ad litem.

G.S. § 1A-1, Rule 17(b)(3) provides:

Notwithstanding the provisions of subsections (b)(1) and (b)(2), a guardian ad litem for an infant or incompetent may be appointed in any case when it is deemed by the court in which the action is pending expedient to have the infant, or insane or incompetent person so represented, notwithstanding such person may have a general or testamentary guardian.

G.S. § 33-1 in pertinent part provides:

[W]here any adult person is . . . found to be incompetent from want of understanding to manage his affairs by reason of physical and mental weakness on account of old age, disease, or other like infirmities, the clerk may appoint a trustee in lieu of a guardian for said persons. The trustee so appointed shall be subject to the laws now or which hereafter may be enacted for the control and handling of estates by guardians.

*See also* G.S. § 35-2.

The record before us discloses that Lossie V. Gaskins was declared incompetent by a jury on 20 October 1977, and on 26 Oc-

tober 1977, plaintiff Archie Gaskins petitioned the Clerk of Superior Court in Craven County to be appointed her general guardian. Thereafter, on 16 December 1977, before the clerk had ruled on plaintiff's petition, plaintiff, as guardian ad litem, initiated the present proceeding by filing a complaint in Carteret County. At that point in time, since Lossie Gaskins had no guardian within the State, plaintiff could be appointed as guardian ad litem and could maintain an action in that capacity under the statutes cited above. Thereafter, the clerk in Craven County, acting on plaintiff's petition, filed an order finding that plaintiff would not be a fit and proper person to be appointed general guardian or trustee for Lossie Gaskins, but that B. Hunt Baxter, Jr., would be such a person, and directed that Baxter be appointed as trustee of the estate of Lossie Gaskins effective 4 January 1978. As of 4 January 1978 Baxter, as trustee, became the proper person to maintain the action under G.S. § 1A-1, Rule 17(b)(1), and Archie Gaskins could maintain the action as guardian ad litem only as long as the court "deemed" it to be "expedient." Since the court clearly had authority to determine whether it was expedient for the guardian ad litem to bring and maintain the action when the incompetent had a general guardian or trustee in this State, it manifestly had authority to substitute the general guardian or trustee as party plaintiff for the guardian ad litem.

The order appealed from is

Affirmed.

Judges ARNOLD and WEBB concur.